IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN EXLINE, | ) Case No. 12-4308-SC |
| Plaintiff, | ) ORDER DISMISSING CASE |
| v. | ) |
| CITIBANK, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass-Through Certificates 2006-3; POWER DEFAULT SERVICES, INC., | ) |
| Defendants. | ) |

On or about March 28, 2012, Plaintiff Norman John Exline ("Plaintiff") instituted this wrongful foreclosure action by filing a Complaint in California Superior Court against Defendants Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass-Through Certificates 2006-3 ("Citibank") and Power Default Services, Inc. ("Power") (collectively, "Defendants"). RJN Ex. 2 ("Compl.").[1] The

---

[1] Citibank submitted a request for judicial notice. ECF No. 9 ("RJN"). Plaintiff did not oppose the RJN, and the documents contained therein are judicially noticeable public records. See Fed. R. Ev. 201. Accordingly, the Court takes judicial notice of them. The Court may consider judicially noticed documents in the context of a Rule 12(b)(6) motion to dismiss. See, e.g., Bonner v. Redwood Mortg. Corp., C 10-00479 WHA, 2010 WL 1267069, at *1 (N.D. Cal. Mar. 29, 2010) (collecting authorities).

Complaint included a request for a temporary restraining order ("TRO"), preliminary injunction, or permanent injunction barring the pending foreclosure of Plaintiff's residence. Id. at 6. On July 24, 2012, Plaintiff filed a First Amended Complaint and another TRO application before the same state court. ECF No. 9 Ex. 3 ("FAC"). Citibank removed the action to this Court on August 15, 2012. ECF No. 1 ("NOR").[2]

On August 22, 2012, Citibank moved to dismiss the FAC. ECF No. 5 ("MTD"). The motion is fully briefed. ECF Nos. 11 ("Opp'n"), 15 ("Reply"). The motion is suitable for determination without oral argument. Civ. L.R. 7-1(b).

Plaintiff's FAC asserts two claims: (1) quiet title and (2) declaratory relief. As a preliminary matter, the Court notes that "declaratory relief" is a type of relief, not a claim to relief. Declaratory relief is only available where a viable legal claim entitles the plaintiff to such relief. Plaintiff's declaratory relief claim therefore fails to articulate a "cognizable legal theory," Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988), and is DISMISSED WITH PREJUDICE.

---

[2] Citibank's removal was timely. A defendant must remove, if at all, within thirty days of receipt of the complaint "through service or otherwise." 28 U.S.C. § 1446(b)(1). Citibank states, and Plaintiff has not disputed, that neither Defendant has been served with process or entered an appearance before the state court, NOR ¶ 5, but that Citibank received a copy of the FAC on July 27, 2012 as part of Plaintiff's July TRO application, id. ¶ 2. Citibank removed on August 15, well within the thirty-day removal window. Moreover, because Power has not been served, its consent is not required. See 28 U.S.C. § 1446(b)(2)(A). The other requisites of removal jurisdiction under 28 U.S.C. §§ 1332 and 1441 are also present here. See NOR ¶¶ 3 (amount in controversy), 4 (diverse citizenship).

The gravamen of Plaintiff's quiet title claim is that some, though not all, of Plaintiff's loan documents display a different loan number than those appearing on the publically recorded notices of default and sale. FAC ¶ 10; see also Opp'n at 5-6. Citibank argues that California law does not provide a cause of action for mismatched loan numbers. MTD at 3-5. Plaintiff does not meaningfully respond to this argument. See Opp'n at 5-6.

The Court agrees with Citibank. Plaintiff cites no authority for the proposition that a mismatch between the loan numbers on some loan documents and those on the publically recorded foreclosure notices can halt an otherwise valid foreclosure sale. Conspicuously absent from the FAC, as well as Plaintiff's opposition, is any averment that Plaintiff is not in default, that Defendants lack the right to foreclose, or that the nonjudicial foreclosure of his property suffers from any defect other than the mismatched loan numbers. Moreover, as Citibank points out, California's nonjudicial foreclosure scheme does not require loan numbers to appear on the foreclosure-related notice documents, let alone require that they match. See generally Cal. Civ. Code § 2924 et seq. Plaintiff fails to identify any legal authority entitling him to the relief he seeks. Thus, though Plaintiff adequately alleges the facts underlying his claim, the allegations do not state a claim upon which relief can be granted. Plaintiff's quiet title claim, therefore, is DISMISSED. Moreover, because the claim fails as a matter of law, it cannot be saved by further amendment. The dismissal is therefore WITH PREJUDICE. See Silva v. Di Vittorio, 658 F.3d 1090, 1105 (9th Cir. 2011) (though leave to amend should be liberally granted, even when leave is not

requested, dismissal with prejudice is warranted when claim cannot be saved by amendment).

    For the foregoing reasons, the Court GRANTS Defendant Citibank, N.A.'s motion to dismiss.  Plaintiff Norman John Exline's First Amended Complaint is DISMISSED WITH PREJUDICE as to all Defendants.  This dismissal terminates the above-captioned case.

    IT IS SO ORDERED.

Dated: November 26, 2012  
                                UNITED STATES DISTRICT JUDGE